UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAY VMK, LLC | CIVIL ACTION |
| VERSUS | NO: 23-720 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, INC. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion to Compel Arbitration and Stay Proceedings* **(Rec. Doc. 10)** filed by Defendant Independent Specialty Insurance Company, Inc. ("ISIC"). Plaintiff JAY VMK, LLC has filed an opposition thereto (Rec. Doc. 15) to which ISIC has replied (Rec. Doc. 21). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This matter stems from a Hurricane Ida property damage insurance dispute over a Houma, Louisiana commercial property owned by Plaintiff (the "Property") and insured by Defendant under a surplus lines commercial property insurance policy bearing Policy No. VVX-CU-702495-03 (the "Policy"). On January 24, 2023, Plaintiff commenced this action against Defendant by filing a Petition for Damages in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana. , Plaintiff seeks to recover from Defendant in its capacity as the proper insurer of the Property for property damage to the building, other structures, contents, and lost business income caused by Hurricane Ida on August 29, 2021.

On February 27, 2023, Defendants removed the case to this Court pursuant to 18 U.S.C. § 1441 and 1446 (Rec. Doc. 1). Defendants have now filed the instant *Motion to Compel Arbitration and Stay Litigation Pending Arbitration* **(Rec. Doc. 10)**, arguing that the arbitration agreement in the insurance policy must be enforced and that this litigation must be stayed pending resolution of arbitration.

## LEGAL STANDARD

Louisiana law generally prohibits arbitration clauses. *See* La. Stat. Ann. § 22:868(A)(2) ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state … shall contain any condition, stipulation, or agreement … [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer"). Nonetheless, the contract governing the policy issued by Defendant to Plaintiff includes an arbitration clause that nominally submits "All matters in dispute between you and us … in relation to this insurance, including this policy's formation and validity … shall be referred to an Arbitration Tribunal in the manner described below." (Rec. Doc. 10-1, at 6). Defendant relies on an exemption to La. Stat. Ann. § 22:868(A) outlined in subsection "D" of the statute. *See* La. Stat. Ann. § 22:868(D). ("The provisions of Subsection A … shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." Louisiana law does not "require surplus lines insurers to file or seek approval of their forms … for property and casualty insurance." *See* La. Stat. Ann. § 22:446.

## **DISCUSSION**

**I.     State Law Preemption Argument**

In the instant case, there is no dispute that Defendant supplied a surplus lines policy to Plaintiff. In dispute is whether the Policy falls within the scope of the La. Stat. Ann. § 22:868 exemption outlined in subsection "D" of that statute. Plaintiff argues that, subsection "D" is "limited to *forum* or *venue* selection clauses" and does not encompass arbitration clauses (Rec. Doc. 15). In support, Plaintiff points to the text of the statute: "Subsection A … shall not prohibit a forum or venue selection clause." *See* La. Stat. Ann. § 22:868(D). In their motion, Defendant asserts that the Fifth Circuit has held that arbitration clauses are a subset of forum selection clauses. *See Warren v. Fannie Mae*, 733 F. App'x 753, 765 (5th Cir. 2018), *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 302 (5th Cir. 2016) ("[A]rbitration clauses—which are, 'in effect, a specialized kind of forum-selection clause.'") (citing the US Supreme Court in *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974)). Thus, Defendant argues the arbitration agreement falls under the scope of the exemption of La. Stat. Ann. § 22:868(D), and as such, Defendant is entitled to an order compelling Plaintiff to submit to arbitration in accordance with the Policy (Rec. Doc. 10-1, at 10).

Furthermore, Defendant bolsters its argument by highlighting the Delegation Clause contained in the Policy's Arbitration Clause (Rec. Doc. 10-1, at 6). It is well established precedent that when an arbitration agreement contains a delegation clause, "the motion to compel arbitration should be granted in almost all cases." *Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 202 (5th Cir. 2016). *See also Henry*

*Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 531 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."). Here, this Court finds that the clear text of La. Stat. Ann. § 22:868 and this well-established precedent support Defendant's motion.

## II. Service of Suit Arguments

Alternatively, Plaintiff argues that the "Arbitration Clause is inconsistent with … the Policy's Service of Suit Endorsement whereby Defendant agreed to submit to the jurisdiction of a court of competent jurisdiction within the United States." (Rec. Doc. 15, at 9). However, Defendant is correct to say that "courts have consistently held endorsements and service of suit clauses do not nullify arbitration agreements." (Rec. Doc. 21, at 6) *See McDermott International, Inc. v. Lloyds Underwriters*, 120 F.3d 583, 585 (5th Cir. 1997); *see also Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, No. 19-14017, 2020 WL 5793715, at *3 (E.D. La. Sept. 29, 2020) (Guidry, J.) (finding that defendants did not waive their right to arbitration by issuing endorsement and service of suit provisions nearly identical to those at issue here). Thus, the Court does not find Plaintiff's argument persuasive.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Compel Arbitration and to Stay Proceedings* **(Rec. Doc. 10)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED**, pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

New Orleans, Louisiana, this 4th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE