UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAY VMK, LLC                                          CIVIL ACTION

VERSUS                                                NO: 23-720

INDEPENDENT SPECIALTY                                 SECTION: "J"(3)
INSURANCE COMPANY, INC.

## ORDER AND REASONS

Before the Court are Plaintiff JAY VMK, LLC's *Motion to Reopen, Lift Stay, and Reconsider/Set Aside Order Granting Motion to Compel Arbitration and to Stay Proceedings* **(Rec. Doc. 39)**, Plaintiff's supplemental memorandum (Rec. Doc. 43), and Defendant Independent Specialty Insurance Company, Inc.'s opposition thereto (Rec. Doc. 44). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

As recently described in an Order and Reasons, this matter arises from a Hurricane Ida insurance dispute over damage to commercial property owned by Plaintiff and insured by Defendant under a surplus lines commercial property insurance policy. Plaintiff seeks to recover from Defendant for property damage to the building, other structures, contents, and lost business income. After removal of the state-court action pursuant to 28 U.S.C. § 1332(a), Defendant filed a Motion to Compel Arbitration and Stay Litigation Pending Arbitration, arguing that the arbitration agreement in the insurance policy must be enforced and, therefore, this

1

litigation must be stayed pending resolution of the arbitration. This Court agreed, making an *Erie* guess that Louisiana's general prohibition of arbitration clauses in insurance policies would not apply to surplus lines coverage. (Rec. Doc. 38). Thus, Plaintiff's claims were sent to arbitration, with this action stayed and administratively closed pending such resolution. Forty-nine days later, Plaintiff moves for reconsideration of the order.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *SnoWizard*, 921 F. Supp. 2d at 563–64. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* at 564 (citation omitted).

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory orders

under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* (finding that district court abused its discretion in denying plaintiff's motion for reconsideration under Rule 59(e) rather than under Rule 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere*, 910 F.2d at 185).

## DISCUSSION

Plaintiff requests reconsideration of the Court's order compelling arbitration. Such an order does not present a final judgment and is not otherwise appealable pursuant to the Federal Arbitration Act. *See* 9 U.S.C. § 16(b); *see also Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C.*, 685 F. App'x 330, 332–33 (5th Cir. 2017) ("[A]ppeals may not be taken from interlocutory orders compelling arbitration, granting stays pending arbitration, or refusing to enjoin arbitration proceedings."). Accordingly, the interlocutory order compelling arbitration is properly considered through Federal Rule of Civil Procedure Rule 54(b).

As grounds for reconsideration, Plaintiff cites two recent cases on the applicability of arbitration clauses in surplus lines insurance policies issued in Louisiana. In the first, *S.K.A.V., L.L.C. v. Independent Specialty Insurance Co.*, the United States Court of Appeals for the Fifth Circuit raised an *Erie* guess as to whether an amendment to the Louisiana Insurance Code intended to lift the arbitration bar as to surplus lines policies. *S.K.A.V., L.L.C. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121 (5th Cir. 2024). Decided on June 5, 2024—after the full briefing

3

on Defendant's Motion to Compel but before this Court's grant of it—the Fifth Circuit determined the Louisiana Legislature did not intend to make an exception to the state's bar on arbitration in insurance disputes. Although the amended Louisiana Revised Statute § 22:868(D) allows surplus lines policies to include forum and venue selection clauses, it did not thereby permit resolution through arbitration, which "Louisiana caselaw still regard[s] . . . as a qualitatively different type of forum-selection clause." *Id.* at 1124. The Fifth Circuit concluded it "cannot say that subsection (D) subtlety overtakes the entirety of (A)(2) for surplus lines insurers." *Id.* at 1125.

Where the Fifth Circuit provided merely the guidance of an *Erie* guess, the Louisiana Supreme Court subsequently answered the question. Over fifteen months after receiving a certified question on the issue from a section of the Eastern District of Louisiana,[1] the state high court considered a request for clarification on the arbitration issue from the Western District of Louisiana Court. *See Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-449 (La. 10/25/24), 2024 WL 4579035. Putting the federal court speculation to rest, the Louisiana Supreme Court held that the legislative amendment of Louisiana Revised Statute § 22:868(D) did not give parties to a surplus lines insurance policy the ability to contract for binding arbitration: "La. R.S. 22:868(D) neither expressly nor implicitly repealed Subsection

---

[1] *See Southland Circle, LLC v. Indep. Specialty Ins. Co.*, No. 23-855, 2023 WL 6450425, at *2 (E.D. La. July 17, 2023) (Vitter, J.) ("The Court respectfully requests that the honorable Louisiana Supreme Court address and answer the following question: Whether La. R.S. 22:868 prohibits the enforcement of arbitration clauses in insurance contracts for surplus lines insurers."); *see also Southland Circle, LLC v. Indep. Specialty Ins. Co.*, 2023-990 (La. 10/3/23), 370 So. 3d 1047 (denying certification).

A's prohibition of arbitration clauses in all insurance contracts issued in Louisiana, as the enforcement of such clauses deprives Louisiana courts of jurisdiction." *Id.* at 10. Accordingly, as all attempts to contract for binding arbitration in insurance contracts is against public policy, arbitration clauses in surplus lines polices are void and unenforceable. *See id.* at 3 (citing *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982)). In the case of a voided condition, the insurance contract is enforceable, but the suspect clause is excised. *See* La. Stat. Ann. § 22:868(C) ("Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.").

The Louisiana Supreme Court's ruling clarifies the purpose and scope of Louisiana Revised Statute § 22:868(D). In its light, reconsideration of this Court's order compelling arbitration is appropriate. *See Austin*, 864 F.3d at 336 ("Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."). Although not determinative of the issue, this conclusion is bolstered by the relative recency of the order being revised. With the arbitration clause ineffective, this action must properly proceed in this Court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff JAY VMK, LLC's *Motion to Reopen, Lift Stay, and Reconsider/Set Aside Order Granting Motion to Compel Arbitration*

5

*and to Stay Proceedings* **(Rec. Doc. 39)** is **GRANTED**, and this Court's Order and Reasons compelling arbitration of Plaintiff's claims **(Rec. Doc. 38)** is **VACATED**.

**IT IS FURTHER ORDERED** that the stay in this case is **LIFTED**, and the case is **REOPENED**.

New Orleans, Louisiana, this 21st day of November, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE